RUSSELL J. FRACKMAN (SBN 49087),
rjf@msk.com
AARON M. WAIS (SBN 250671),
amw@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
UMG Recordings, Inc.

MICHAEL H. PAGE (SBN 154913)
mpage@kvn.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@kvn.com
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN - # 192657
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x123
Facsimile: (415) 436-9993

Attorneys for Defendant Troy Augusto

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Troy Augusto d/b/a ROAST BEAST MUSIC COLLECTIBLES AND ROASTBEASTMUSIC an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTION | CASE NO.  2:07-cv-3106 SJO (AJWx)<br><br>**PROTECTIVE ORDER**<br><br>Discovery Cutoff: March 24, 2008<br>Pre-Trial Conf.:<br>Trial Date:         June 24, 2008 |

This Court finds that good cause exists for a Protective Order on the terms and conditions stipulated by the parties.

Therefore, IT IS ORDERED as follows:

**1.     DEFINITIONS**

1.1     As used herein, the term "Confidential Information" means: (a) any type of information that has not been made generally available to the public and the disclosure of which the disclosing party or third party contends would cause serious harm to the disclosing party's or third party's business operations or interests, including, but not limited to, contracts for personal services, customer lists, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee salaries, marketing plans, financial performance data, sales records, inventory sheets, and manufacturing, product development, and business development strategies; (b) data derived from such Confidential Information, including any summaries, compilations, quotes, or paraphrases thereof; and (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d)) or other confidential research, development, or commercial information (as defined in Fed. R. Civ. P. 26(c)(7)).

1.2     As used herein, the terms "document," "documents," "tangible things," "recordings," and "photographs" mean documents, writings, tangible things, recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

## 2. DESIGNATION OF CONFIDENTIAL INFORMATION

2.1     This PROTECTIVE ORDER applies to all discovery responses, documents, testimony, and other materials containing Confidential Information disclosed in this action that are designated by a party or third party as CONFIDENTIAL, as defined below, whether such disclosure is by order of the Court or by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, Rule 45 subpoenas to third parties, or any other discovery undertaken in this action.

2.2     Any party or third party responding to discovery in this action may protect information he, she, or it in good faith believes constitutes his, her, or its Confidential Information by designating such information as CONFIDENTIAL, as defined below, prior to or at the time of disclosure of such information. Such designation shall be accomplished by placing the notation CONFIDENTIAL on every page of each document or portion thereof so designated. In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the notation CONFIDENTIAL shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the Confidential Information contained therein.

2.3     Confidential Information so designated shall be used only for the purposes of this litigation and may not be used by any party to whom or which that information is produced or disclosed for research, development, sales, marketing, publicity, or competitive purposes, or any other purpose. Confidential Information so designated shall not be disclosed to anyone other than those persons identified in Paragraphs 4.3, infra, except as may be ordered by the Court or agreed to in writing by the parties. If any information designated by a party or third party as CONFIDENTIAL is thereafter used by a party to whom or which it has been

1  produced or disclosed as part of a paper filed or lodged with the Court in this
2  action or in a response to a discovery request in this action, the party using that
3  information shall take all reasonable steps to preserve the continued confidentiality
4  of that designated Confidential Information. This includes maintaining the
5  designation of confidentiality in all places where that information is so used and
6  requesting that such information is filed or lodged with the Court under seal in
7  accordance with the procedures of C.D. Cal. Local Rule 79-5.1.
8      2.4   The parties and any third parties responding to discovery in this action
9  shall use reasonable care to avoid designating any materials as CONFIDENTIAL
10 that are: (a) not entitled to such designation, or (b) generally available to the
11 public.
12
13 **3.   DEPOSITIONS**
14     3.1   With respect to the examination of witnesses upon oral deposition,
15 when designated Confidential Information is supplied to the deponent, or when the
16 deponent's testimony contains, reflects, or comments on designated Confidential
17 Information, the deposition reporter and/or videotape operator shall be informed of
18 this PROTECTIVE ORDER by the party or third party seeking to invoke its
19 protection, and will be required to agree to be bound by its terms.  The reporter
20 and/or videotape operator then shall place or the cover of any deposition transcript
21 or videotape that contains any designated Confidential Information the words
22 "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT
23 PROTECTIVE ORDER." Counsel for the parties then shall take appropriate steps
24 to prevent any portions of any deposition transcript or videotape designated
25 CONFIDENTIAL from being disclosed to any person, except as provided in this
26 PROTECTIVE ORDER.
27     3.2   Testimony at a deposition may be designated CONFIDENTIAL if this
28 PROTECTIVE ORDER is invoked at the deposition by counsel for a party or third

Mitchell
Silberberg &
Knupp LLP

1756810.1

1  party or the deponent. The designating party or third party also may, within thirty
2  (30) days after receiving a copy of the deposition transcript, provide all parties
3  with a written list of the page(s) of the deposition transcript, and any exhibits
4  attached thereto, that the party or third party designates CONFIDENTIAL. If a
5  deponent has disclosed something at a deposition that a party or third party
6  believes constitutes Confidential Information and should be designated as
7  CONFIDENTIAL, the party or third party so believing can go back during the
8  deposition and designate that information as CONFIDENTIAL, as may be
9  appropriate.

10    3.3   Each deponent to whom any party or third party proposes to disclose
11  designated Confidential Information at a deposition, trial, or other proceeding shall
12  be given a copy of this PROTECTIVE ORDER and informed of its contents and
13  the parties take all reasonable steps to have such witnesses abide by the same.

14    3.4   If designated Confidential Information is to be discussed or disclosed
15  in a deposition, any party or third party claiming such confidentiality may exclude
16  from the room any person who is not entitled to receive such Confidential
17  Information during that portion of the deposition in which the Confidential
18  Information is actually discussed or disclosed. If designated Confidential
19  Information is to be discussed or disclosed at a hearing or at trial, the parties may
20  request that the Court exclude from the courtroom any person who is not entitled to
21  receive such Confidential Information during that portion of the hearing or trial in
22  which the Confidential Information is actually discussed or disclosed.

23

24    **4.    DISCLOSURE OF DESIGNATED CONFIDENTIAL**
25    **INFORMATION**

26    4.1   The parties, counsel for the parties, and all persons who view
27  designated Confidential Information shall maintain all designated as
28

1  CONFIDENTIAL in confidence and shall not disclose such information, directly
2  or indirectly, to any person except as provided in this PROTECTIVE ORDER.

3      4.2    While the disclosure of Confidential Information designated
4  CONFIDENTIAL to persons not authorized by this PROTECTIVE ORDER could,
5  by definition, be prejudicial to the business, operations, or interests of the
6  designating party or third party, the CONFIDENTIAL designation should not be
7  overused.

8      4.3    Access to Confidential Information designated as CONFIDENTIAL
9  shall be limited to the following persons:

10      4.3.1  Outside and in-house counsel for the parties and their support
11  personnel such as paralegal assistants, secretarial, stenographic and clerical
12  employees and contractors, and outside copying services who are working on this
13  litigation under the direction of such attorneys and to whom it is necessary that the
14  materials be disclosed for purposes of this litigation.

15      4.3.2  Consultants requested by the parties' counsel to furnish expert or
16  litigation support services in this litigation.

17      4.3.3  Pursuant to Paragraphs 3.1 through 3.4, supra, deponents at their
18  depositions.  Counsel should have a good faith belief that such disclosure is
19  necessary before disclosing designated Confidential Information to the deponent.

20      4.3.4  Current officers, directors, and employees of the parties to this action.

21      4.3.5  The Court and its staff, mediators used in settlement proceedings in
22  this action and their staff, and members of a jury impaneled for a trial in this
23  action.

24      4.4    Nothing herein shall prohibit a party, or his or its counsel, from
25  disclosing a document that contains Confidential Information to the person whom
26  the document identifies as an author, addressee, or recipient of such document.

27
28

Mitchell Silberberg & Knupp LLP
1756810.1

## 5. CHALLENGING A DESIGNATION

5.1     A party which disputes the propriety of a designation as "CONFIDENTIAL" shall challenge such designation within a reasonable time after the materials are so designated. In the event that a party challenges such designation, the party shall provide written notice to the designating party of its disagreement with the designation.  The parties shall first attempt to resolve the dispute in good faith and shall employ the procedures of Local Rules 37-1 through 37-4 to resolve that dispute.  If the dispute cannot be resolved, the receiving party may apply to the Court for a ruling concerning the status of such material, and, pending such application and ruling, the receiving party shall treat such material as Confidential Information under this PROTECTIVE ORDER.  Upon any hearing, the burden of proving that material has been properly designated as "CONFIDENTIAL" is on the party making such designation.

5.2     For documents that any party might wish to file with the Court under seal, that party shall employ the procedures of Local Rule 79-5.1 and comply with the requirements of Section 9, infra.

5.3     No party shall be obliged to challenge the propriety of a CONFIDENTIAL designation, and a failure to do so shall not preclude a subsequent attack on the propriety of any other designation.

## 6. INADVERTENT FAILURE TO DESIGNATE

6.1     The inadvertent failure to designate Confidential Information as CONFIDENTIAL prior to or at the time of disclosure shall not operate as a waiver of a party's or third party's right to designate such information as CONFIDENTIAL within thirty (30) days after such disclosure or, if the information is provided by a third party, within thirty (30) days after notice of such disclosure.

6.2     In the event that Confidential Information is designated as CONFIDENTIAL after disclosure but within the thirty (30) day period allowed

1  under Paragraph 6.1, supra, the receiving party shall employ reasonable efforts to
2  ensure that all previously disclosed Confidential Information is subsequently
3  treated as CONFIDENTIAL, as appropriate, pursuant to the terms of this
4  PROTECTIVE ORDER.

5    6.3   Should any document or information designated as CONFIDENTIAL
6  be disclosed, through inadvertence or otherwise, to any person or party not
7  authorized to see such materials under this PROTECTIVE ORDER, then the
8  disclosing party or third party shall use its best efforts to bind such person to the
9  terms of this PROTECTIVE ORDER, and the disclosing party shall: (a) promptly
10 inform such person of all the provisions of this PROTECTIVE ORDER, and (b)
11 identify the name, address, telephone number, employer, and title or position of
12 such person immediately to the party or third party that or who designated the
13 document.

15 **7.    CUSTODY AND DISPOSITION OF DESIGNATED
16        CONFIDENTIAL INFORMATION**

17   7.1   Confidential Information designated CONFIDENTIAL shall be
18 maintained in the custody of counsel for the parties, including in-house counsel,
19 except for information in the custody of: (a) the Court; (b) any court reporter
20 transcribing testimony given in this action, for the limited purpose of rendering his
21 or her normal transcribing services; and (c) consultants entitled to see such
22 information under the terms of this PROTECTIVE ORDER, to the extent
23 necessary for their study, analysis, and preparation of the case. Except for the
24 Court, a person with custody of information designated CONFIDENTIAL shall
25 maintain it in a manner that limits access to it to only those persons entitled under
26 this PROTECTIVE ORDER to examine it. Counsel may furnish information
27 designated CONFIDENTIAL in written format to persons authorized under this
28 PROTECTIVE ORDER to receive it.

7.2    Unless counsel agree otherwise in writing, within sixty (60) days of the conclusion of this litigation, whether by settlement or final, non-appealable decision of the Court, the parties, counsel for the parties, and all other persons who are in possession of documents designated CONFIDENTIAL agree that they will destroy or return to the producing party or third party all copies of any documents, other than attorney work product, containing designated Confidential Information produced by a party or third party.

Notwithstanding the foregoing, counsel of record and each party shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases.  Nothing in this paragraph shall be construed to require any party to return or destroy work product or attorney client privileged communications, whether from or to outside or in-house counsel.  Such file copies must be maintained under the conditions of maintaining CONFIDENTIAL documents as set forth in Paragraph 7.1, supra.

## 8.    MISCELLANEOUS PROVISIONS

8.1    The provisions of this PROTECTIVE ORDER apply to all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand.

8.2    A designation of confidentiality pursuant to this PROTECTIVE ORDER shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention Confidential Information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action. These obligations of confidentiality and nondisclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the parties to this action stipulate that designated Confidential Information can be disclosed.

8.3   By entering into this PROTECTIVE ORDER, no party or third party waives any objections it might have to the production of documents covered by this PROTECTIVE ORDER.

8.4   No party to this action, by entering into this PROTECTIVE ORDER, by designating certain information as CONFIDENTIAL, or by acquiescing in any other party's such designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information.

8.5   The Court retains jurisdiction even after termination of this action to enforce this PROTECTIVE ORDER and to make such deletions from or amendments, modifications, and additions to the PROTECTIVE ORDER the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this PROTECTIVE ORDER or seeking further protection against disclosure or use of claimed Confidential Information.

8.6   Nothing contained herein shall restrict any party from introducing designated Confidential Information as evidence at trial. A party may seek a protective order prior to trial with respect to testimony containing designated Confidential Information that may be offered at trial or specific documents containing designated Confidential Information that may be marked as exhibits at trial in order to maintain the continued confidentiality of such information.

**9.   FILING OR LODGING UNDER SEAL**

9.1   If any party or third party seeks to file or lodge with the Court any documents or things that contain designated Confidential Information, such materials shall be submitted to the Court in accordance with the procedures set forth in C.D. Cal. Local Rule 79-5.1 for filing documents under seal. Where one party or third party wishes to file or lodge any documents or things with the Court

1  under seal, the other party or parties shall not unreasonably withhold agreement to
2  such filing or lodging under seal. If such agreement is provided, the parties shall
3  submit to the Court a stipulation and proposed order for such filing or lodging
4  under seal. If no such agreement is provided, then the filing or lodging party or
5  third party shall submit an application and proposed order to the Court pursuant to
6  C.D. Cal. Local Rule 795.1.
7       9.2     The Clerk of the Court is directed to maintain under seal all
8  documents and transcripts of deposition testimony filed with this Court in this
9  litigation by any party which are, in whole or in part, designated as
10 CONFIDENTIAL, including all pleadings, deposition transcripts, exhibits,
11 discovery responses or memoranda purporting to reproduce or paraphrase such
12 information.  The person filing such material shall designate to the Clerk that all or
13 a designated portion thereof is subject to this PROTECTIVE ORDER and is to be
14 kept under seal, except that upon the default of the filing party to so designate, any
15 party may do so.
16
17      **10.    GOOD CAUSE STATEMENT**
18       Pursuant to Fed. R. Civ. P. 26(c)(7), good cause exists for entry of this
19 PROTECTIVE ORDER because the parties to this action: (1) have sought and
20 expect to seek in the future the discovery of certain information in this action that
21 is sensitive, private, and confidential, or that third parties required to get involved
22 in discovery in this action might believe is sensitive, private, and confidential,
23 including, but not limited to, information concerning the amounts paid under and
24 other terms in confidential contracts entered into by the parties with third parties,
25 and the financial and other terms of contracts entered into by the parties that are
26 competitively sensitive and that would harm the parties if such terms were
27 disclosed to their competitors; (2) believe that unrestricted disclosure or
28 dissemination of such Confidential Information will cause them some business,

Mitchell Silberberg & Knupp LLP
1756810.1
11
PROTECTIVE ORDER

1  commercial, and privacy injury; (3) desire an efficient and practicable means to
2  designate such information as CONFIDENTIAL and thereby help ensure its
3  continued protection against unwarranted disclosure or dissemination; and (4) have
4  agreed to such means as set forth herein.

DATED: March 25, 2008

/s/
Honorable Andrew J. Wistrich
United States Magistrate Judge

Mitchell Silberberg & Knupp LLP

1756810.1